The appellant, Mr. Guy Cicchini, appeals from the Stark County Court of Common Pleas' verdict in favor of the appellee, Ms. Galmish. We reverse.
Ms. Galmish acquired property located at 5560 Dressler Road, N.W., Canton, in accordance with the divorce decree between her and Mr. Cicchini, her ex-husband. Ms. Galmish entered into an option to purchase agreement with Developers Diversified Realty Corporation ("Diversified"). The contract provided for a purchase price of 765,000. Diversified never executed their option.
Ms. Galmish entered into a written agreement with Mr. Cicchini on May 27, 1994. Mr. Cicchini acquired title to the property on May 31, 1994. In this contract, Mr. Cicchini purchased the property from Ms. Galmish for a purchase price of $765,000. Within this contract, Mr. Cicchini agreed to give Ms. Galmish half of any net proceeds over and above the 765,000 purchase price if Mr. Cicchini was able to sell the property to Diversified within one year of the date of the execution of the contract. On June 16, 1995, a contract of sale was executed by Mr. Cicchini and Diversified whereby Diversified purchased the property for $1,750,000.
Ms. Galmish filed a complaint for breach of contract, breach of a duty of good faith, and fraud against Mr. Cicchini. At the conclusion of the jury trial, the breach of contract and fraud claims were presented to the jury. The jury returned, and the trial court accepted, a verdict in favor of Ms. Galmish for $492,000 in compensatory damages, $1,000,000 in punitive damages, and attorney's fees.
Mr. Cicchini timely appealed and has raised six assignments of error.
ASSIGNMENT OF ERROR I
 The trial court erroneously denied [Mr. Cicchini's] motions for a directed verdict at the close of the plaintiff's case and at the close of all the evidence.
Mr. Cicchini avers that the trial court erred because it denied his motion for a directed verdict on Ms. Galmish's claims for fraud and breach of contract at the close of Ms. Galmish's case and at the close of the evidence. We agree.
Civ.R. 50(A)(4) provides:
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
A motion for a directed verdict tests whether the evidence presented is sufficient to submit the case to a jury. Because sufficiency is a question of law, this determination does not involve weighing the evidence or assessing the credibility of witnesses Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116,119. As an appellate court, we conduct a de novo review of the lower court's judgment. Nichols v. Hanzel (1996), 110 Ohio App.3d 591,599, appeal not allowed 76 Ohio St.3d 1496. We will first address the fraud claim and then the breach of contract claim.
In her fraud claim, Ms. Galmish contends that Mr. Cicchini misrepresented to her that the contract would allow her to recover fifty percent of the amount that he receives over 765,000 from Diversified without any indication that such a provision would last for only a one-year period. R.C. 1335.05, Ohio's statutory authority for the Statute of Frauds, requires that real estate transactions be in writing. The Supreme Court of Ohio has concluded the following:
 Where the parties following negotiation make mutual promises which thereafter are integrated into an unambiguous contract duly executed by them, courts will not give the contract a construction other than that which the plain language of the contract provides.
Aultman Hosp. Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, syllabus. When parties have a contractual agreement that includes an integration of that contract, a court may not turn to parol evidence for the purpose of varying or contradicting the written words of the contract. Ed Schory Sons, Inc. v. Son Natl. Bank (1996), 75 Ohio St.3d 433, 440. An exception to the parol evidence rule exists where a party presents a fraud claim. See Developers Diversified Realty Corp.v. Cicchini (Sept. 30, 1996), Stark App. No. 1996CA00007, unreported, 1996 Ohio App. LEXIS 4493, at *9-10, citingFinomore v. Epstein (1984), 18 Ohio App.3d 88. Nonetheless, this court has concluded that in the situation where the Statute of Frauds applies, where the contract was drafted by the attorneys of the party who is asserting the claim, and where the contract contains an integration clause, parol evidence may not be utilized to demonstrate reliance upon representations not contained in the contract regarding the terms of an unambiguous contract. Developers Diversified RealtyCorp. v. Cicchini, supra, at *11-13.
The elements of fraud include the following:
 (1) a representation or, where there is a duty, concealment of a fact;
 (2) which is material to the transaction at hand;
 (3) made falsely, with knowledge of falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred;
 (4) with the intent of misleading another into relying upon it;
 (5) justifiable reliance upon the representation or concealment; and
 (6) a resulting injury proximately caused by the reliance.
Burr v. Bd. of Cty. Commrs. (1986), 23 Ohio St.3d 69, 73.
The contract in this case included an integration clause, was drafted by Ms. Galmish's attorney, was unambiguous with regards to the time frame in the fifty percent provision, and pertained to a subject matter that falls within the Statute of Frauds. In this case, parol evidence should not have been allowed to be used for demonstrating reliance upon representations regarding the time-frame of a provision of the contract because the contract contains an integration clause that attests to the parties not relying on such information. When we construe the evidence in a light most favorable to Ms. Galmish, we find that reasonable minds could only conclude, as a matter of law, that the reliance that is required to establish several elements of fraud could not have been demonstrated. Accordingly, the trial court erred when it failed to grant a directed verdict upon Ms. Galmish's fraud claim.
In her breach of contract claim, Ms. Galmish asserted that Mr. Cicchini breached their contract because he failed to employ good faith in fulfilling the requirements of the contract. The Supreme Court of Ohio has recognized that a duty to employ reasonable efforts exists in the context of a contract that gives a party an exclusive right to market a product. Illinois Controls, Inc. v. Langham (1994), 70 Ohio St.3d 512, paragraph one of the syllabus. In Illinois Controls, the Supreme Court of Ohio did not extend this duty to all contractual situations.
The contract in this case is a purchase agreement that includes a provision for what would occur if Mr. Cicchini sold the property within a one-year time period. The agreement does not specify that the purchase of the property by Mr. Cicchini is contingent upon resale. The contract does not expressly provide that it is establishing an exclusive right to sell the property. The contract does not create an implied duty upon Mr. Cicchini to employ reasonable efforts to sell the property. Upon considering the evidence in a light most favorable to Ms. Galmish, we find that reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to Ms. Galmish because the contract did not create such a duty to exercise reasonable efforts. Accordingly, we find that the trial court erred by denying Mr. Cicchini's motion for a directed verdict on her breach of contract claim.
Based on the foregoing, Mr. Cicchini's first assignment of error is sustained.
ASSIGNMENT OF ERROR II
 The trial court erroneously admitted and erroneously instructed the jury to consider extrinsic parol evidence which contradicts unambiguous terms of integrated written contracts for the sale of property.
ASSIGNMENT OF ERROR III
 The trial court erroneously instructed the jury regarding [Ms. Galmish's] contract, good faith, and fraud claims.
ASSIGNMENT OF ERROR IV
 The trial court erroneously overruled [Mr. Cicchini's] objection to a jury instruction regarding [Ms. Galmish's] claim for punitive damages, and erroneously submitted that claim for the jury's consideration.
ASSIGNMENT OF ERROR V
 The trial court erroneously added prejudgment interest to [Ms. Galmish's] contract judgment when (a) [Ms. Galmish] did not seek interest on the contract in the complaint or at the trial, (b) [Ms. Galmish] ultimately sought prejudgment interest for her tort claim rather than her contract claim, and (c) the trial court failed to conduct the mandatory evidentiary hearing for prejudgment interest on a tort claim (10/15/97 and 10/29/97 Judgments).
ASSIGNMENT OF ERROR VI
 The trial court erroneously awarded attorney['s] fees when (a) [Ms. Galmish] had no legal basis to recover fees, and (b) the trial court received inadequate evidence to support its finding that the claimed fees are reasonable (10/20/97 and 10/29/97 judgments).
Because Mr. Cicchini's first assignment of error is dispositive of this case, we need not consider Mr. Cicchini's remaining assignments of error because they are moot. See App.R. 12(A)(1)(c).
Mr. Cicchini's first assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Stark, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 ---------------------------- LYNN C. SLABY FOR THE COURT
BAIRD, P. J., QUILLIN, J., CONCUR